OPINION
{¶ 1} Trudy Upchurch ("appellant") appeals the judgment of conviction by the Chardon Municipal Court. The trial court's judgment was entered upon a jury's verdict finding appellant guilty of Vehicular Manslaughter, in violation of R.C. 2903.06 (A)(4), Vehicular Homicide, in violation of R.C. 2903.06(A)(3), Failure to Obey a Stop Sign, in violation of R.C. 4511.12, and Reckless Operation, in violation of R.C.4511.20. For the following reasons, we affirm the decision of the trial court.
 {¶ 2} On September 9, 2000, appellant was involved in a motor vehicle accident in which the vehicle she was driving triggered a collision that killed a motorcycle driver on State Route 306. Appellant was subsequently charged with the above-mentioned violations. A jury trial was held on October 9-12, 2001. On October 12, 2001, the jury found appellant guilty of all four offenses. We also note that the trial court originally recorded the charges under two different case numbers. For the sake of efficiency, the cases were later consolidated by the trial court and remain so for purposes of this appeal. Based on the jury's finding, the trial court sentenced appellant to a six-month term of incarceration. The trial court subsequently stayed the imposition of appellant's sentence pending appeal. In this timely appeal, appellant raises four assignments of error:
 {¶ 3} "[1.] The trial court erred in excusing Juror No. 1 because of his difficulty hearing without making an effort to make reasonable accommodation for the disability.
 {¶ 4} "[2.] O.R.C. Section 2903.06(A)(4) is unconstitutionally broad.
 {¶ 5} "[3.] The verdict is against the manifest weight of the evidence.
 {¶ 6} "[4.] The verdict was inconsistent."
 {¶ 7} In order to facilitate our analysis, we proceed to address appellant's assignments of error collectively.
 {¶ 8} In her assignments of error, appellant generally asserts that the trial court erred in excusing a juror, that R.C. 2903.06(A)(4) is unconstitutional, and that the jury verdict was against the manifest weight of the evidence. However, in her brief, appellant does not elaborate on these assigned errors, nor does she argue why these alleged actions constitute error. Furthermore, appellant fails to cite to any legal authority or to any specific portion of the record to support her assertions.
 {¶ 9} An appellant's brief must include argument and law, "containing the contentions of appellant with respect to each assignment of error presented for review ***, with citations to the authorities, statutes, and parts of the record on which appellant relies." App.R. 16(A)(7); Loc.R. 12(C)(4). This court may "disregard an assignment of error presented for review if the party raising it fails to identify in the record the error on which the assignment of error is based or fails to argue the assignment separately in the brief, as required by App.R. 16(A)." App.R. 12(A)(2).
 {¶ 10} An appellant "bears the burden of affirmatively demonstrating error on appeal." Concord Twp. Trustees v. HazelwoodBuilders (Mar. 23, 2001), 11th Dist. No. 2000-L-040, 2001 Ohio App. LEXIS 1383. It is not the obligation of an appellate court to search for authority to support an appellant's argument as to an alleged error. SeeKremer v. Cox (1996), 114 Ohio App.3d 41, 60. Furthermore, if an argument exists that can support appellant's assignments of error, "it is not this court's duty to root it out." Harris v. Nome, 9th Dist. No. 21071, 2002-Ohio-6994, 2002 Ohio App. LEXIS 6800.
 {¶ 11} Appellant has failed to support her assertions with arguments, failed to cite any legal authority, and failed to refer to any relevant portions of the record as required by App.R. 16(A)(7) and Loc.R. 12(C)(4). Therefore, this court must disregard appellant's assignments of error pursuant to App.R. 12(A)(2).
 {¶ 12} For the foregoing reasons, appellant's assignments of error are overruled. The judgment of the Chardon Municipal Court is hereby affirmed.
JUDITH A. CHRISTLEY, J., concurs in judgment only.
CYNTHIA WESTCOTT RICE, J., concurs.